United States District Court
Southern District of Texas
**ENTERED**
January 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM E. PHINNEY, | § | |
| TDCJ #02102386, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3535 |
| | § | |
| LT. A. ESPINOZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, William E. Phinney (TDCJ #02102386), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

When Phinney filed the Complaint in this case he was in the custody of the Harris County Jail, having been arrested on theft charges by officers with the Pasadena Police Department.[1]

---

[1] Complaint, Docket Entry No. 1, p. 3. See also Attachment to Prisoner's Civil Rights Complaint, Docket Entry No. 1-1, pp. 1-4.
(continued...)

Subsequently, Phinney was convicted of those charges and is currently incarcerated by the Texas Department of Criminal Justice.[2]

Phinney has filed this civil action against Lieutenant A. Espinoza of the Pasadena Police Department Internal Affairs Division.[3]   Phinney contends that he and his daughter were mistreated during the course of his arrest for theft.[4]   Phinney contacted Espinoza to report "illegal conduct" by the arresting officers, but Espinoza failed to prepare a police report regarding the incident.[5]   Phinney contends, therefore, that Espinoza has violated his civil rights.[6]   Phinney seeks a criminal investigation of the officers who arrested him.[7]

## II.   Discussion

Phinney filed a separate lawsuit against the officers who arrested him.[8]   That case was dismissed on October 24, 2016, after

---

[1](...continued)
in Phinney v. Pasadena Police Dep't, Civil Action No. H-16-3105 (S.D. Tex.).

[2]Notice, Docket Entry No. 6, p. 1.

[3]Complaint, Docket Entry No. 1, p. 3.

[4]Id. at 4.

[5]Id.

[6]Id.

[7]Id.

[8]Prisoner's Civil Rights Complaint, Docket Entry No. 1 in Phinney v. Pasadena Police Dep't, Civil Action No. H-16-3105 (S.D. Tex.).

the district court determined that Phinney failed to articulate a viable claim for relief.[9]

To the extent that Phinney now faults Espinoza for failing to initiate criminal charges against those officers, there is no constitutional right to have someone criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. Moreover, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the district attorney. See Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (observing that there is "no such constitutional right" to have another criminally prosecuted). Private citizens are thus not entitled to an order requiring the arrest or prosecution of wrongdoers. Del Marcelle v. Brown County Corp., 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted).

Because the Complaint lacks an arguable basis in law, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous.

---

[9]Order of Dismissal, Docket Entry No. 4 in Phinney v. Pasadena Police Dep't, Civil Action No. H-16-3105 (S.D. Tex.).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint filed by William E. Phinney (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to the Texas Department of Criminal Justice - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159.**

**SIGNED** at Houston, Texas, on this 9th day of January, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-